Brian W. LaCorte (Bar No. 12237)
Donna H. Catalfio (Bar No. 21827)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
Email:     bwl@gknet.com
           dhc@gknet.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| The Reinalt-Thomas Corporation d/b/a Discount Tire, a Michigan corporation,<br><br>                Plaintiff,<br><br>v.<br><br>AKH Company, Inc., a California corporation,<br><br>                Defendant. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Requested) |

Plaintiff The Reinalt-Thomas Corporation d/b/a Discount Tire ("Discount Tire") brings this Complaint for monetary damages and injunctive and other relief against Defendant AKH Company, Inc.  Discount Tire alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act ("Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a); for trademark infringement in violation of the common law of the state of Arizona; and for violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. 1125(d).

2. Discount Tire seeks an injunction prohibiting AKH from using trademarks identical and confusingly similar to Discount Tire's federally registered trademarks in

online commerce.

3. In addition, Discount Tire seeks compensatory damages, punitive damages, and profits from the violations described herein, as well as costs and attorneys' fees incurred in bringing this action.

## PARTIES

4. Discount Tire is a Michigan corporation with its principal place of business in Scottsdale, Arizona. It is the largest independent tire company in the nation with 768 stores across the country. Additionally, it sells tires and wheels nationwide through an online platform developed over many years.

5. Discount Tire and its wholly-owned subsidiaries are the exclusive licensees of all federal, state and common law rights in and to the flagship trademark DISCOUNT TIRE and the related mark DISCOUNT TIRE DIRECT (collectively, the "DISCOUNT TIRE Marks").

6. Additionally, Discount Tire and its wholly-owned subsidiaries are the exclusive licensees of the federal registrations for the DISCOUNT TIRE Marks. *See* Registration Certificates attached as **Exhibits A & B.**

7. The federal registrations are owned by Discount Tire's founder, Bruce Halle ("Mr. Halle").

8. Upon information and belief, Defendant AKH Company, Inc. ("AKH") is a California corporation with its principal place of business in Huntington Beach, California.

## JURISDICTION AND VENUE

9. AKH owns and operates a web site under the domain www.discounttires.com. Through this web site, AKH sells and ships tires and wheels directly to consumers.

10. AKH advertises "Coast To Coast" shipping and "Nation Wide Delivery" on

its web site.

11.   Upon information and belief, AKH has used this interactive web site to sell tires to Arizona consumers and to ship tires and wheels to consumers located in Arizona.

12.   As a result of AKH's significant contacts with Arizona, this Court has general jurisdiction over AKH.

13.   In addition, the present action arises out of activities which AKH has purposefully directed at Arizona, namely, selling tires and wheels that compete directly with the identical tires and wheels offered by Discount Tire under an infringing mark to Arizona consumers.  Accordingly, this Court has specific jurisdiction over AKH.

14.   This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

15.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

**A.   Discount Tire's Widespread and Substantial Use of Its Registered DISCOUNT TIRE Marks.**

16.   Discount Tire has used its flagship DISCOUNT TIRE mark widely and continuously since at least 1960 when it opened its first store on Stadium Boulevard in Ann Arbor, Michigan under the name "Discount Tire Co."

17.   Additionally, Discount Tire has used the related DISCOUNT TIRE DIRECT mark widely and continuously since at least 1994.

18.   In fact , Discount Tire has spent many millions of dollars promoting the DISCOUNT TIRE Marks nationwide.

19.   Discount Tire has promoted, sponsored and advertised the DISCOUNT TIRE Marks in a number of ways, including, but not limited to, radio and television commercials, print advertisements, billboards, and store signage and marketing materials. Moreover, Discount Tire has used the Internet for at least fifteen (15) years to promote

1  the DISCOUNT TIRE Marks in connection with the sale of tires and wheels.

2  20.  On February 13, 1981, Discount Tire's founder, Mr. Halle, filed an application for federal registration of the DISCOUNT TIRE mark with the United States Patent and Trademark Office ("PTO"), and the PTO issued a registration for the mark on February 12, 1985 in connection with "retail auto and light truck tire store services."

21.  This federal registration has become "incontestable" under Section 15 of the Lanham Act, 15 U.S.C. § 1065, thereby constituting conclusive and independent evidence of the registrant's right to use the DISCOUNT TIRE mark in connection with "retail auto and light truck tire store services."

22.  On September 18, 2000, Mr. Halle filed an application for federal registration of another DISCOUNT TIRE mark, namely DISCOUNT TIRE DIRECT, with the PTO.  The PTO issued a registration for the mark on July 23, 2002 in connection with "online retail ordering services, retail stores and mail order catalog services featuring automobile and light truck tires."

23.  This federal registration has become "incontestable" under Section 15 of the Lanham Act, 15 U.S.C. § 1065, thereby constituting conclusive and independent evidence of the registrant's right to use the DISCOUNT TIRE DIRECT mark in connection with "online retail ordering services, retail stores and mail order catalog services featuring automobile and light truck tires."

24.  At all relevant times, Discount Tire and its wholly-owned subsidiaries have been the exclusive licensees of all federal, state and common law rights in and to the DISCOUNT TIRE Marks, including, without limitation, the rights associated with the above-referenced federal registrations.

**B.   Discount Tire's Early Dispute with AKH.**

25.  In or about 1990, Discount Tire's wholly-owned subsidiary Southern California Discount Tire Company, Inc. ("SCDT") became embroiled in a trademark

dispute with AKH.

26. SCDT planned on opening a new store in Cathedral City, California. AKH filed a trademark infringement lawsuit in Superior Court for the County of Riverside, Indio Branch, claiming it had been operating "wholesale and retail tire distribution outlets and automotive service centers" in portions of California under the names "Discount Tire Centers," "Discount Tire Distributors," "Discount Tire Stores," and "Evans Tire Stores."

27. At the time of the lawsuit, Discount Tire had been engaged in the retail sale of automobile and truck tires in seventeen states across the country using the DISCOUNT TIRE mark. Moreover, Discount Tire had exclusive rights in the federal registration for the mark.

28. Accordingly, SCDT answered AKH's complaint and filed counterclaims for declaratory relief.

29. In or about 1991, the parties decided to settle their dispute and executed a Settlement Agreement. A complete and accurate copy of the Settlement Agreement is attached as **Exhibit C.**

30. The Settlement Agreement sets forth the parties' agreement and understanding regarding use of the DISCOUNT TIRE mark on brick and mortar stores in certain territories.

31. Specifically, under the terms of the Settlement Agreement, SCDT agreed that, in all areas in which AKH had used the DISCOUNT TIRE mark prior to SCDT's entry into the market, SCDT would use the mark "America's Tire Co."

32. AKH agreed that in all areas where SCDT, Reinalt-Thomas or any other subsidiary had used the DISCOUNT TIRE mark prior to AKH's entry into the market, AKH would use the mark "Evan's Tire" or such other mark that does not contain the words "Discount, Tire or America's."

33. The Settlement Agreement did not in any way address the Internet or the

5

parties' right to use the DISCOUNT TIRE mark on the Internet. Accordingly, the Settlement Agreement does not control or govern the parties' Internet rights. It merely defined the parties' respective rights to use the DISCOUNT TIRE mark on brick and mortar stores in certain territories.

34. After executing the settlement agreement, the parties stipulated to dismiss the lawsuit.

35. Upon information and belief, AKH's operations have significantly dwindled since the parties executed the Settlement Agreement in 1991. In fact, today AKH operates only twelve retail stores through which it sells tires and wheels. Seven of these stores are located in Orange County, California, and the remaining five stores are located in neighboring Los Angeles, County.

**C. The Parties' Use of the Internet.**

36. Discount Tire was the first party to have an Internet presence. Upon information and belief, it created and registered the domain "tires.com" as early as April 30, 1995.

37. Shortly thereafter, Discount Tire created and registered the following additional domains: "discounttire.com," "americastire.com," and "discounttiredirect.com."

38. Upon information and belief, as early as December 1996, consumers could use one or more of these web sites to search Discount Tire's tire and wheel inventory and to purchase tires and wheels directly from Discount Tire.

39. Since that time, Discount Tire has continuously invested in upgrading its online platform to enhance the consumer's online purchase experience.

40. For many years now, Discount Tire has used the above-referenced domains to create a virtual store where consumers can purchase tires and wheels. Those tires and wheels are shipped direct to the consumer to a location designated by the consumer. This

online platform is an important piece of Discount Tire's operations, resulting in a significant amount of revenue and profit to Discount Tire.

41. Upon information and belief, AKH did not have a presence on the Internet until 1997, over two years after Discount Tire established its online presence.

42. Upon information and belief, AKH created and registered the domain "discounttires.com" in 1997.

43. AKH's "discounttires.com" domain is simply the plural form of Discount Tire's own "discounttire.com" domain.

44. AKH originally used the "discounttires.com" domain merely to advertise its brick and mortar store locations in Southern California. The web site was not interactive and did not allow consumers to search AKH's inventory or purchase tires or wheels online.

45. Upon information and belief, in or about October 2004, AKH began to use the "discounttires.com" domain to offer a platform allowing customers to purchase tires and wheels online.

**D.  The Parties' Current Dispute.**

46. By letter dated December 7, 2009, AKH contacted Discount Tire to raise issues about use of the DISCOUNT TIRE mark on the Internet.

47. In that letter, AKH recognized that the parties' Settlement Agreement "did not set out, nor apparently did it foresee, [] the spread of the Internet and how marketing and advertising within this new medium could dissolve previously agreed upon boundaries." In other words, AKH expressly acknowledged that the Settlement Agreement does not control or govern the parties' Internet rights.

48. AKH requested that the parties revisit the Settlement Agreement and address the parties' Internet rights. *See* **Exhibit D.**

49. In a subsequent telephone conversation, AKH's counsel raised some

concern over Discount Tire's use of keywords that include the terms "discount tire" to generate sponsored advertisements on various search engines.

50. As a result of AKH's inquiry, Discount Tire conducted an investigation of the parties' use of the DISCOUNT TIRE mark on the Internet learning the facts set out above.

51. As a result of this investigation, Discount Tire believes that AKH is infringing upon Discount Tire's trademark rights and engaging in unfair competition by using the DISCOUNT TIRE mark and confusingly similar marks to promote and sell tires and wheels on the Internet. Additionally, AKH's use of domains that incorporate the DISCOUNT TIRE mark constitutes unlawful cybersquatting.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

52. Discount Tire repeats and realleges the allegations set forth in each of the foregoing paragraphs.

53. Pursuant to the parties' Settlement Agreement, Discount Tire has an unfettered right to use the DISCOUNT TIRE mark on brick and mortar stores in all locations not expressly carved out in the agreement, i.e., Orange and Los Angeles Counties, California.

54. However, as AKH itself has recognized, the parties' Settlement Agreement fails to address or govern the parties' right to use the DISCOUNT TIRE mark on the Internet.

55. As a result, federal law and common law dictate the parties' respective rights to use the mark on the Internet, if any.

56. Discount Tire is the senior user of the DISCOUNT TIRE mark with national rights.

57. Accordingly, Discount Tire has an unlimited right to use the DISCOUNT

1  TIRE mark on the Internet.

2    58. AKH uses the "discounttires.com" domain to sell tires and wheels "Coast to
3  Coast" and "Nation Wide." In other words, AKH uses the domain to sell tires and wheels
4  online to customers in all forty-eight contiguous states.

5    59. AKH also uses "discounttires.com" as a trademark on the web site
6  associated with the "discounttires.com" domain by prominently displaying the mark at
7  the top of each page on the web site.

8    60. AKH's "discounttires.com" domain consists of the plural form of Discount
9  Tire's own "discounttire.com" domain.

10    61. A consumer looking for Discount Tire's web site could easily believe that
11  the web site is found under the domain "discounttires.com" and put the plural form of the
12  domain into a web browser. In that event, the consumer would be taken to AKH's
13  competing web site.

14    62. Additionally, a consumer could mistakenly type the plural form of the
15  DISCOUNT MARK by mistake or typographical error. Again, in that event the
16  consumer would be taken to AKH's competing web site.

17    63. AKH's use of the DISCOUNT TIRE mark on the Internet to advertise and
18  sell directly competing goods violates federal trademark law, 15 U.S.C. §§ 1114 and
19  1125, because it constitutes willful and deliberate use in commerce of reproductions
20  and/or colorable imitations of Discount Tire's federally registered DISCOUNT TIRE
21  mark in connection with the sale, offering for sale, distribution, and advertising of
22  products in a manner likely to cause confusion, mistake and deception.

23    64. Specifically, online consumers are likely to be confused when they see
24  AKH's web site using the DISCOUNT TIRE mark and to believe that AKH is Discount
25  Tire or, at a minimum, there is some affiliation between the parties, when there is not.

26    65. Moreover, AKH's use of the DISCOUNT TIRE mark in domains is also

9

likely to cause confusion. At a minimum, use of the DISCOUNT TIRE mark in AKH's domains is likely to lead to initial interest confusion, a form of confusion recognized in this jurisdiction, as well as others, as establishing trademark infringement liability. *See Interstellar Starship Servs., Ltd. v. Epix, Inc.*, 304 F.3d 936, 941 (9th Cir. 2002).

66. Upon information and belief, AKH's actions have been willful and deliberate and with full knowledge of Discount Tire's rights in the DISCOUNT TIRE mark.

67. Upon information and belief, Discount Tire has been, and continues to be, irreparably damaged by AKH's actions, and Discount Tire has no adequate remedy at law. Unless this court enters an order requiring AKH to immediately and permanently cease and desist from its unlawful online use of the DISCOUNT TIRE mark, AKH's unlawful conduct will continue to cause injury to Discount Tire and the public.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

68. Discount Tire repeats and realleges the allegations set forth in each of the foregoing paragraphs.

69. AKH's use of the DISCOUNT TIRE mark constitutes unfair competition and trademark infringement under Arizona common law, because AKH's use of the mark falsely tends to induce buyers to believe that they are purchasing tires from Discount Tire and because it unfairly attributes to AKH Discount Tire's goodwill and rights in the DISCOUNT TIRE mark, both of which are likely to confuse, deceive, and injure the public.

70. Further, AKH's use of the DISCOUNT TIRE mark in its domains constitutes an attempt to trade upon the goodwill associated with the DISCOUNT TIRE mark by directing Internet traffic away from Discount Tire's web site to AKH's web site

for commercial gain, and by causing initial interest confusion.

71. Upon information and belief, Discount Tire has been, and continues to be, irreparably damaged by AKH's actions, and Discount Tire has no adequate remedy at law. Unless this court enters an order requiring AKH to immediately and permanently cease and desist from its unlawful online use of the DISCOUNT TIRE mark, AKH's unlawful conduct will continue to cause injury to Discount Tire and the public.

**COUNT III**
**VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT, 15 U.S.C. § 1125(d)**

72. Discount Tire repeats and realleges the allegations set forth in each of the foregoing paragraphs.

73. Discount Tire owns significant federal, state and common law rights in the DISCOUNT TIRE mark.

74. Since at least 1990, AKH has had actual knowledge of Discount Tire's rights in the DISCOUNT TIRE mark.

75. Despite that knowledge, AKH has registered and currently uses the domain "discounttires.com" to sell directly competing goods (i.e., tires and wheels) nationwide.

76. The "discounttires.com" domain is confusingly similar to the DISCOUNT TIRE mark.

77. Upon information and belief, AKH uses the "discounttires.com" domain for the purpose of diverting consumers from Discount Tire's online location to its own web site for its own commercial gain.

78. Such actions are in direct violation of the ACPA, 15 U.S.C. § 1125(d).

79. Upon information and belief, AKH's actions have been willful and intentional.

80. Upon information and belief, Discount Tire has been, and continues to be,

11

irreparably damaged by AKH's actions, and Discount Tire has no adequate remedy at law. Unless this court enters an order requiring AKH to immediately and permanently cease and desist from its unlawful use of the Domains, AKH's unlawful conduct will continue to cause injury to Discount Tire and the public.

81. Moreover, pursuant to 15 U.S.C. § 1125(d)(1)(C), AKH should be ordered to transfer the "disconttires.com" domain and any other potentially confusing domains to Discount Tire.

82. Due to the intentional and bad faith nature of AKH's actions, this is an exceptional case in which Discount Tire is entitled to treble damages and attorneys' fees pursuant to § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## **JURY TRIAL DEMANDED**

83. SEI requests a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

In view of the foregoing, Discount Tire prays for the following relief:

A. An injunction requiring AKH, its agents, servants, employees, attorneys, and any and all persons in active concert or participation with AKH to immediately and permanently cease and desist from all use on the Internet of the DISCOUNT TIRE mark, or any other mark that resembles, suggests, or intimates that AKH is approved by, endorsed by, or otherwise affiliated with Discount Tire, including, but not limited to, use of the "discounttires.com" domain or any other potentially confusing domain;

B. Monetary damages equivalent to:

(1) All damages arising out of AKH's unlawful conduct, as described above, in an amount to be proven at trial, and/or award of all profits and gains AKH has

obtained as a result of its unlawful conduct;

(2) All state and federal statutory and common law relief available;

(3) Pursuant to 15 U.S.C. § 1117(a), and any other applicable law, all costs and reasonable attorneys' fees incurred in connection with this action, plus appropriate interest thereon;

(4) Pursuant to 15 U.S.C. § 1117(a), and any other applicable law, any punitive or enhanced damages available due to AKH's willful and deliberate conduct; and

(5) Interest on the above damage awards;

C. For an order directing AKH to immediately transfer the "discounttires.com" domain and any other potentially confusing domain to Discount Tire; and

D. Such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 14th day of May, 2010.

GALLAGHER & KENNEDY, P.A.

By /s/ Donna H. Catalfio
Brian W. LaCorte
Donna H. Catalfio
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Attorneys for Plaintiff