GLENN D. DASSOFF (SB# 096809)
glenndassoff@paulhastings.com
RYAN M. FAWAZ (SB# 267815)
ryanfawaz@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626-1924
Telephone: (714) 668-6200
Facsimile: (714) 979-1921

ELIZABETH L. BRANN (SB# 222873)
elizabethbrann@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121
Telephone: (858) 458-3000
Facsimile: (858) 458-3005

Attorneys for Defendant
AKH COMPANY, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REINALT-THOMAS CORPORATION d/b/a DISCOUNT TIRE, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>AKH COMPANY, INC., a California corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTION. | Case No. SACV10-1626 CJC (JCx) (Lead Case)<br>[Consolidated with Case No. SACV10-1795 CJC (JCx)]<br>[Hon. Cormac J. Carney]<br><br>**AKH COMPANY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF THE REINALT-THOMAS CORPORATION'S FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: September 8, 2010<br>Trial Date: Unassigned |

LEGAL_US_W # 67193936.4

AKH COMPANY, INC.'S ANSWER TO
FIRST AMENDED COMPLAINT

Defendant AKH Company, Inc. ("AKH") answering the First Amended Complaint ("FAC") of The Reinalt-Thomas Corporation d/b/a Discount Tire ("Reinalt-Thomas"), admits, denies, alleges, and asserts affirmative defenses as follows:

## NATURE OF THE ACTION

1. Answering Paragraph 1 of the FAC, AKH states this is Reinalt-Thomas's description of causes of actions brought under the FAC to which no response is required.

2. Answering Paragraph 2 of the FAC, AKH denies that Reinalt-Thomas is entitled to any injunctive relief or that AKH has engaged in the alleged conduct giving rise to such a request for relief.

3. Answering Paragraph 3 of the FAC, AKH denies that Reinalt-Thomas is entitled to any compensatory or punitive damages, or costs or attorneys' fees, or that AKH has engaged in the alleged conduct giving rise to such a request for relief.

## PARTIES

4. Answering Paragraph 4 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

5. Answering Paragraph 5 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

6. Answering Paragraph 6 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

## JURISDICTION AND VENUE

7. Answering Paragraph 7 of the FAC, AKH admits it is a California corporation, but denies its principal place of business is in Huntington Beach, California.

8. Answering Paragraph 8 of the FAC, AKH admits the allegations of this paragraph.

9. Answering Paragraph 9 of the FAC, AKH admits the allegations of this paragraph.

10. Answering Paragraph 10 of the FAC, AKH admits the allegations of this paragraph and affirmatively states that only 1.3% of AKH's online sales have been made into Arizona.

11. Answering Paragraph 11 of the FAC, AKH states that jurisdiction is a question of law to which no response is required.

12. Answering Paragraph 12 of the FAC, AKH states that jurisdiction is a question of law to which no response is required.

13. Answering Paragraph 13 of the FAC, AKH states that jurisdiction is a question of law to which no response is required.

14. Answering Paragraph 14 of the FAC, AKH states that venue is a question of law to which no response is required.

## GENERAL ALLEGATIONS

**A.  Plaintiff's "DISCOUNT TIRE" Mark is a Distinctive and Famous Mark.**

15. Answering Paragraph 15 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

16. Answering Paragraph 16 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

17. Answering Paragraph 17 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

18. Answering Paragraph 18 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

19. Answering Paragraph 19 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

20. Answering Paragraph 20 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

21. Answering Paragraph 21 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

22. Answering Paragraph 22 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

23. Answering Paragraph 23 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

24. Answering Paragraph 24 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same. AKH affirmatively states that Reinalt-Thomas has not acquired common law rights and/or secondary meaning in the "DISCOUNT TIRE" mark.

25. Answering Paragraph 25 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

26. Answering Paragraph 26 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

27. Answering Paragraph 27 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

28. Answering Paragraph 28 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

29. Answering Paragraph 29 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

30. Answering Paragraph 30 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

31. Answering Paragraph 31 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

32. Answering Paragraph 32 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

**B.  Discount Tire's Early Dispute with AKH.**

33. Answering Paragraph 33 of the FAC, AKH admits the allegations of this paragraph.

34. Answering Paragraph 34 of the FAC, AKH states the complaint AKH filed in 1990 speaks for itself and AKH denies any allegations inconsistent therewith.

35. Answering Paragraph 35 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

36. Answering Paragraph 36 of the FAC, AKH states the pleadings SCDT filed speak for themselves and AKH denies any allegations inconsistent therewith.

37. Answering Paragraph 37 of the FAC, AKH admits entering into the Settlement Agreement and states the Settlement Agreement executed in 1991 speaks for itself and AKH denies any allegations inconsistent therewith.

38. Answering Paragraph 38 of the FAC, AKH admits entering into the Settlement Agreement and states the Settlement Agreement executed in 1991 speaks for itself and AKH denies any allegations inconsistent therewith.

39. Answering Paragraph 39 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

40. Answering Paragraph 40 of the FAC, AKH denies the allegations of this paragraph.

**C.   The Geographic Scope of Discount Tire's Rights**

41. Answering Paragraph 41 of the FAC, AKH denies the allegations of this paragraph.

42. Answering Paragraph 42 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

43. Answering Paragraph 43 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

44. Answering Paragraph 44 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

45. Answering Paragraph 45 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

46. Answering Paragraph 46 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

47. Answering Paragraph 47 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

**D. The Parties' Use of the Internet.**

48. Answering Paragraph 48 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

49. Answering Paragraph 49 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

50. Answering Paragraph 50 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

51. Answering Paragraph 51 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

52. Answering Paragraph 52 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

53. Answering Paragraph 53 of the FAC, AKH admits that it had not registered a website before 1997 but is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore denies the same.

1   54.   Answering Paragraph 54 of the FAC, AKH states that it registered www.discounttires.com on July 21, 1997 but denies the remaining allegations of this paragraph.

55.   Answering Paragraph 55 of the FAC, AKH admits the allegations of this paragraph.

**E.   The Parties' Current Dispute.**

56.   Answering Paragraph 56 of the FAC, AKH admits that its counsel sent a letter to America's Tires on December 1, 2009 and states this letter speaks for itself and AKH denies any allegations inconsistent therewith.

57.   Answering Paragraph 57 of the FAC, AKH admits that the December 1, 2009 letter referred to "the Settlement Agreement with yourselves, dated July 22, 1991" and that "the settlement did not set out, nor apparently did it foresee, was the spread of the Internet and how marketing and advertising within this new medium could dissolve previously agreed upon boundaries." AKH states this letter speaks for itself and AKH denies any allegations inconsistent therewith.

58.   Answering Paragraph 58 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

59.   Answering Paragraph 59 of the FAC, AKH denies the allegations of this paragraph.

60.   Answering Paragraph 60 of the FAC, AKH denies the allegations of this paragraph.

61.   Answering Paragraph 61 of the FAC, AKH denies the allegations of this paragraph.

62.   Answering Paragraph 62 of the FAC, AKH admits that it filed two applications with the USPTO in January 2010 to obtain federal registrations for marks including the words "Discount Tire Centers." AKH denies the allegations of this paragraph.

63. Answering Paragraph 63 of the FAC, AKH denies the allegations of this paragraph.

## COUNT ONE

### (Federal Trademark Infringement and False Designation of Origin in Violation of § 43(a) of the Lanham Act)

64. Answering Paragraph 64 of the FAC, AKH incorporates by references its answers to paragraphs 1 – 63 of the FAC as though restated herein in their entirety.

65. Answering Paragraph 65 of the FAC, AKH denies the allegations of this paragraph.

66. Answering Paragraph 66 of the FAC, AKH denies the allegations of this paragraph.

67. Answering Paragraph 67 of the FAC, AKH admits that it has sold tires and wheels online to customers in all forty-eight contiguous states. AKH denies the remaining allegations of this paragraph.

68. Answering Paragraph 68 of the FAC, AKH denies the allegations of this paragraph.

69. Answering Paragraph 69 of the FAC, AKH denies the allegations of this paragraph.

70. Answering Paragraph 70 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

71. Answering Paragraph 71 of the FAC, AKH denies the allegations of this paragraph.

72. Answering Paragraph 72 of the FAC, AKH denies the allegations of this paragraph.

73. Answering Paragraph 73 of the FAC, AKH denies the allegations of this paragraph.

74. Answering Paragraph 74 of the FAC, AKH denies the allegations of this paragraph.

75. Answering Paragraph 75 of the FAC, AKH denies the allegations of this paragraph.

76. Answering Paragraph 76 of the FAC, AKH denies the allegations of this paragraph.

77. Answering Paragraph 77 of the FAC, AKH denies the allegations of this paragraph.

78. Answering Paragraph 78 of the FAC, AKH denies that Reinalt-Thomas is entitled to any compensatory or punitive damages, or costs or attorneys' fees, or that AKH has engaged in the alleged conduct giving rise to such a request for relief.

## COUNT TWO

**(Federal Trademark Infringement in Violation of § 32 of the Lanham Act)**

79. Answering Paragraph 79 of the FAC, AKH incorporates by references its answers to paragraphs 1 – 79 of the FAC as though restated herein in their entirety.

80. Answering Paragraph 80 of the FAC, AKH denies the allegations of this paragraph.

81. Answering Paragraph 81 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

82. Answering Paragraph 82 of the FAC, AKH denies the allegations of this paragraph.

83. Answering Paragraph 83 of the FAC, AKH admits that it has sold tires and wheels online to customers in all forty-eight contiguous states. AKH denies the remaining allegations of this paragraph.

84. Answering Paragraph 84 of the FAC, AKH denies the allegations of this paragraph.

85. Answering Paragraph 85 of the FAC, AKH denies the allegations of this paragraph.

86. Answering Paragraph 86 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

87. Answering Paragraph 87 of the FAC, AKH denies the allegations of this paragraph.

88. Answering Paragraph 88 of the FAC, AKH denies the allegations of this paragraph.

89. Answering Paragraph 89 of the FAC, AKH denies the allegations of this paragraph.

90. Answering Paragraph 90 of the FAC, AKH denies the allegations of this paragraph.

91. Answering Paragraph 91 of the FAC, AKH denies the allegations of this paragraph.

92. Answering Paragraph 92 of the FAC, AKH denies the allegations of this paragraph.

93. Answering Paragraph 93 of the FAC, AKH denies that Reinalt-Thomas is entitled to any injunctive relief or that AKH has engaged in the alleged conduct giving rise to such a request for relief.

94. Answering Paragraph 94 of the FAC, AKH denies that Reinalt-Thomas is entitled to any compensatory or punitive damages, or costs or attorneys' fees, or that AKH has engaged in the alleged conduct giving rise to such a request for relief.

## COUNT THREE

**(Violation of the Anticybersquatting Consumer Protection Act)**

95. Answering Paragraph 95 of the FAC, AKH incorporates by references its answers to paragraphs 1 – 94 of the FAC as though restated herein in their entirety.

96. Answering Paragraph 96 of the FAC, AKH is without sufficient information to admit or deny the allegations of this paragraph and therefore denies the same.

97. Answering Paragraph 97 of the FAC, AKH denies the allegations of this paragraph.

98. Answering Paragraph 98 of the FAC, AKH denies the allegation that it has had knowledge of Reinalt-Thomas's alleged superior rights, but admits the allegations that it uses its domain to sell tire and wheel products.

99. Answering Paragraph 99 of the FAC, AKH denies the allegations of this paragraph.

100. Answering Paragraph 100 of the FAC, AKH denies the allegations of this paragraph.

101. Answering Paragraph 101 of the FAC, AKH denies the allegations of this paragraph.

102. Answering Paragraph 102 of the FAC, AKH denies the allegations of this paragraph.

103. Answering Paragraph 103 of the FAC, AKH denies that Reinalt-Thomas is entitled to any injunctive relief or that AKH has engaged in the alleged conduct giving rise to such a request for relief.

104. Answering Paragraph 104 of the FAC, AKH denies the allegations of this paragraph.

105. Answering Paragraph 105 of the FAC, AKH denies that Reinalt-Thomas is entitled to any compensatory or punitive damages, or costs or attorneys' fees, or that AKH has engaged in the alleged conduct giving rise to such a request for relief.

## COUNT FOUR

**(Federal Trademark Dilution in Violation of § 43(c) of the Lanham Act)**

106. Answering Paragraph 106 of the FAC, AKH incorporates by references its answers to paragraphs 1 – 105 of the FAC as though restated herein in their entirety.

107. Answering Paragraph 107 of the FAC, AKH denies the allegations of this paragraph.

108. Answering Paragraph 108 of the FAC, AKH denies the allegations of this paragraph.

109. Answering Paragraph 109 of the FAC, AKH denies the allegations of this paragraph.

110. Answering Paragraph 110 of the FAC, AKH denies the allegations of this paragraph.

111. Answering Paragraph 111 of the FAC, AKH denies the allegations of this paragraph.

## COUNT FIVE

**(Common Law Trademark Infringement)**

112. Answering Paragraph 112 of the FAC, AKH incorporates by references its answers to paragraphs 1 – 111 of the FAC as though restated herein in their entirety.

113. Answering Paragraph 113 of the FAC, AKH denies the allegations of this paragraph.

114. Answering Paragraph 114 of the FAC, AKH denies the allegations of this paragraph.

115. Answering Paragraph 115 of the FAC, AKH denies the allegations of this paragraph.

116. Answering Paragraph 116 of the FAC, AKH denies the allegations of this paragraph.

## COUNT SIX

### (State Trademark Dilution in Violation of A.R.S. §§ 44-1448.01)

117. Answering Paragraph 117 of the FAC, AKH incorporates by references its answers to paragraphs 1 – 116 of the FAC as though restated herein in their entirety.

118. Answering Paragraph 118 of the FAC, AKH denies the allegations of this paragraph.

119. Answering Paragraph 119 of the FAC, AKH denies the allegations of this paragraph.

120. Answering Paragraph 120 of the FAC, AKH denies the allegations of this paragraph.

## COUNT SEVEN

### (Common Law Unfair Competition)

121. Answering Paragraph 121 of the FAC, AKH incorporates by references its answers to paragraphs 1 – 120 of the FAC as though restated herein in their entirety.

122. Answering Paragraph 122 of the FAC, AKH denies the allegations of this paragraph.

123. Answering Paragraph 123 of the FAC, AKH denies the allegations of this paragraph.

124. Answering Paragraph 124 of the FAC, AKH denies the allegations of this paragraph.

## JURY TRIAL DEMANDED

125. Answering Paragraph 125 of the FAC, AKH states this paragraph is not directed at AKH and so no response is required.

## PRAYER FOR RELIEF

1  AKH further denies each and every allegation of Reinalt-Thomas's FAC not
2  admitted or otherwise specifically responded to herein. AKH denies that it is liable
3  to Reinalt-Thomas for any reason or in any amount.

## AFFIRMATIVE DEFENSES

Further responding to the FAC, AKH alleges as follows:

### AFFIRMATIVE DEFENSE NO. 1
### (No Cause of Action)

126. The allegations of the FAC fail to state a claim against AKH upon which relief can be granted.

### AFFIRMATIVE DEFENSE NO. 2
### (Abandonment)

127. Reinalt-Thomas has abandoned the Discount Tire mark.

### AFFIRMATIVE DEFENSE NO. 3
### (Fair Use)

128. AKH is making fair use of Reinalt-Thomas's mark to describe its own goods or services.

### AFFIRMATIVE DEFENSE NO. 4
### (Innocent Local Use)

129. AKH has made innocent local use of the Discount Tire mark.

### AFFIRMATIVE DEFENSE NO. 5
### (Functional or Descriptive)

130. The Discount Tire mark is functional or descriptive and thus is not protectable under statutory or common law.

### AFFIRMATIVE DEFENSE NO. 6
### (Estoppel)

131. Reinalt-Thomas, by its conduct and the conduct of its owners, employees, and agents, is legally and/or equitably estopped to assert its claims or other rights against AKH.

## AFFIRMATIVE DEFENSE NO. 7
### (Waiver)

132. Reinalt-Thomas, by its conduct and the conduct of its employees and agents, has waived its claims and other rights against AKH.

## AFFIRMATIVE DEFENSE NO. 8
### (Unclean Hands)

133. Reinalt-Thomas is barred by the equitable doctrine of unclean hands from obtaining the requested relief.

## AFFIRMATIVE DEFENSE NO. 9
### (No Likelihood of Confusion)

134. There is no likelihood of confusion between Reinalt-Thomas's asserted mark and AKH's marks.

## AFFIRMATIVE DEFENSE NO. 10
### (Scope of Rights)

135. The scope of Reinalt-Thomas's trademark rights, if any, is not broad enough to preclude AKH's use of the trademark at issue.

## AFFIRMATIVE DEFENSE NO. 11
### (No Infringement)

136. AKH's conduct does not constitute trademark use, and thus, such use is not actionable as trademark infringement under statutory or common law.

## AFFIRMATIVE DEFENSE NO. 12
### (Generic)

137. Reinalt-Thomas's mark is generic and thus is not protectable under statutory or common law.

## AFFIRMATIVE DEFENSE NO. 13
### (Priority Use)

138. AKH was the senior user of the Discount Tire name in California, and thus has superior rights to use the name Discount Tire.

## AFFIRMATIVE DEFENSE NO. 14

### (Laches)

139. Reinalt-Thomas's causes of action against AKH are barred by the doctrine of laches.

## AFFIRMATIVE DEFENSE NO. 15

### (Consent and/or acquiescence)

140. Reinalt-Thomas, by its conduct and/or the conduct of its employees and agents, has acquiesced or consented to the conduct and rights of AKH, and is therefore barred form maintaining this action.

## AFFIRMATIVE DEFENSE NO. 16

### (Statute of Limitations)

141. Reinalt-Thomas's claims are barred in whole or in part by the applicable statute of limitations.

## REQUEST FOR RELIEF

WHEREFORE, having answered and otherwise responded to Reinalt-Thomas's FAC, AKH prays for the following relief:

a) that the FAC be dismissed with prejudice and judgment entered in AKH's favor;

b) that the Court award AKH its attorneys' fees in connection with this litigation, this being an exceptional case;

c) that the Court award AKH its cost in connection with this litigation; and

d) that the Court award AKH such other and further relief as the Court deems just and proper.

| | |
|---|---|
| DATED: February 25, 2011 | PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>GLENN D. DASSOFF<br>ELIZABETH L. BRANN<br>RYAN M. FAWAZ |

By:/s/ Glenn D. Dassoff
　　　　GLENN D. DASSOFF

Attorneys for Defendant
AKH Company, Inc.